1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

E. K. WADE,

           Plaintiff,

   v.

HENRY J. KERNER and ROBERT
MUELLER,

           Defendants.

No.  2:20–cv–1791–KJM–KJN PS

FINDINGS AND RECOMMENDATIONS
AND ORDER TO SHOW CAUSE

(ECF Nos. 2, 14)

On September 4, 2020, plaintiff simultaneously filed a motion for preliminary injunction and a complaint against Henry Kerner and Robert Mueller in their individual capacities.[1]  (ECF No. 1 at 1; ECF No. 2.)  On September 30, 2020, plaintiff filed a First Amended Complaint again naming in their individual capacities Mr. Kerner, the current Special Counsel for the United States Office of Special Counsel, and Mr. Mueller, former Special Counsel for the United States Department of Justice.[2]  (ECF No. 9 at 1-3.)  On October 16, 2020, plaintiff filed a "Motion to

---

[1] Because plaintiff is appearing pro se, this action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] On October 13, 2020, plaintiff also filed a Second Amended Complaint (ECF No. 11), which is hereby stricken from the record because it was filed without having obtained defendants' consent or leave of court.  See Fed. R. Civ. P. 15(a)(1)-(2) (permitting amendment once as a matter of course, and then requiring consent or leave of court for further amendments).  The case will therefore proceed with the First Amended Complaint as the operative pleading.

1   Dismiss Defendant Robert Mueller with Prejudice" (ECF No. 14), which the undersigned

2   construes as a notice of partial voluntary dismissal under Federal Rule of Civil Procedure 41(a).

3   The filing of this notice "automatically terminates the action as to the defendants who are the

4   subjects of the notice." <u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997); <u>see</u> Fed.

5   R. Civ. P. 41(a)(1).  Accordingly, because the claims against Mr. Mueller have now been

6   dismissed, the undersigned will address only plaintiff's claims and arguments directed to the

7   remaining defendant, Mr. Kerner.

8          Plaintiff's motion for preliminary injunction (ECF No. 2) scheduled for an October 22,

9   2020 hearing was submitted on the briefs pursuant to Local Rule 230(g).  (ECF No. 13.)  Upon

10  review of the documents, and for the following reasons, the court recommends denying plaintiff's

11  motion for preliminary injunction (ECF No. 2).  Further, the court orders plaintiff to show cause

12  why this action should not be transferred under 28 U.S.C. § 1404(a).

13         **I.       Motion for Preliminary Injunction**

14         Plaintiff, a former employee at the U.S. Department of Labor, asserts both in his First

15  Amended Complaint and in his Amended Re-Noticed Motion for Preliminary Injunction that Mr.

16  Kerner deprived plaintiff of his Fifth Amendment due process rights by "failing to reasonably

17  investigate and determine prohibited personnel practices" of various federal agencies that plaintiff

18  reported in an October 2019 Whistleblower complaint filed with the Office of Special Counsel

19  ("OSC").  (ECF No. 12 at 2, 9-11; <u>see</u> ECF No. 9 at 3-4, 35-36, 77-79.)  Plaintiff attempted some

20  degree of service,[3] but no defendant has yet appeared in or responded to this action.

21         The undersigned recommends that plaintiff's motion for preliminary injunction be denied

22  because plaintiff has not demonstrated a need for the injunctive relief he requests.  The legal

23  principles applicable to a request for preliminary injunctive relief are well established.  "The

24  _____

25         [3] According to the certificates of service filed with this court, plaintiff sent by certified
    mail copies of the summons, the complaints, and the Amended Re-Noticed Motion for
26  Preliminary Injunction to Mr. Kerner at the Department of Justice, as well as to the local United
    States Attorney's office, the national United States Attorney's office, and the United States
27  Attorney General's office.  (ECF Nos. 8, 10, 15.)  However, because plaintiff is suing Mr. Kerner
    in his individual capacity, he is also required to serve Mr. Kerner pursuant to Federal Rule of
28  Civil Procedure 4(e) or (f).  <u>See</u> Fed. R. Civ. P. 4(i)(3).

1    traditional equitable criteria for granting preliminary injunctive relief are (1) a strong likelihood

2    of success on the merits, (2) the possibility of irreparable injury to plaintiff if the preliminary

3    relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the

4    public interest (in certain cases)."  Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371,

5    1374 (9th Cir. 1985).  The criteria traditionally are treated as alternative tests.  "Alternatively, a

6    court may issue a preliminary injunction if the moving party demonstrates 'either a combination

7    of probable success on the merits and the possibility of irreparable injury or that serious questions

8    are raised and the balance of hardships tips sharply in his favor.' "  Martin v. International

9    Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons Baking Co.

10    v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975) (emphasis in original)).  See also

11    Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1049-50 (9th Cir. 2010).

12       Plaintiff's motion states that he seeks a "Preliminary Injunction to sue Henry Kerner and

13    Robert Mueller."  (ECF No. 12 at 2.)  It is not clear exactly why plaintiff requires this injunctive

14    relief, as he has in fact already filed suit against these individuals.  Although plaintiff is under a

15    pre-filing restriction in the Northern District of California related to his numerous repeated

16    complaints against the Department of Labor arising from his prior employment, the court is aware

17    of no such pre-filing restriction in this district.  See Wade v. Gilliland, No. C 10-00425 WHA,

18    Dkt. No. 100 (N.D. Cal. June 24, 2010); see also Wade v. Gilliland, No. C 10-00425 WHA, 2019

19    WL 1384529, at *1 (N.D. Cal. Mar. 27, 2019), aff'd, 812 F. App'x 624 (9th Cir. 2020).  Much of

20    plaintiff's memorandum in support of his motion for preliminary injunction challenges District

21    Judge William Alsup's establishment of the Northern District of California pre-filing restriction.

22    (ECF No. 12 at 14-16.)  But that brings plaintiff no closer to establishing a likelihood of success

23    on the merits of his claims against Mr. Kerner.

24       Because plaintiff is, at least presently, under no filing restriction in this district, the

25    undersigned sees no need to grant a preliminary injunction permitting this suit which plaintiff has

26    already begun.  Plaintiff's filing of this motion seems to suggest that he may be attempting to

27    circumvent the Northern District's filing restriction by commencing suit in this district.  Most of

28    plaintiff's First Amended Complaint indeed rehashes his employment disputes with the

1   Department of Labor.  However, in contrast to his previous complaints in this district and in the

2   Northern District, plaintiff now seeks to hold liable Mr. Kerner for failing to process or

3   investigate plaintiff's 2019 Whistleblower complaint.  Without expressing any opinion on the

4   sufficiency of those claims, the undersigned finds them distinct enough from plaintiff's previous

5   actions against the Department of Labor and its employees that transfer of this action to the

6   Northern District is unwarranted at this time.

7          **II.     Venue and Transfer**

8          Nonetheless, on the topic of transfer, it is unclear whether this district is the proper venue

9   for the instant action either.  Venue in a civil action is generally proper in (1) a judicial district

10  where any defendant resides, if all defendants reside in the same State in which the district is

11  located, (2) a judicial district in which a substantial part of the events or omissions giving rise to

12  the claim occurred, or (3) a judicial district in which any defendant is subject to personal

13  jurisdiction at the time the action is commenced, if there is no district in which the action may

14  otherwise be brought.  28 U.S.C. § 1391(b).

15         Plaintiff has not alleged any residence for Mr. Kerner, much less a residence within this

16  district.  And it appears to the undersigned that none of the events or omissions giving rise to

17  plaintiff's claims against Mr. Kerner occurred in this district.  Plaintiff asserts, on information and

18  belief, that OSC "is a governmental entity doing business in California with its principal place of

19  business located within the City of Sacramento, California, Sacramento County, State of

20  California." (ECF No. 9 at 2.)  But plaintiff is mistaken:  the Office of Special Counsel has its

21  principal office in the District of Columbia.  5 U.S.C. § 1211(a).  The only identified omissions

22  by Mr. Kerner, now the sole defendant, are his alleged failure to follow the procedures laid out by

23  5 U.S.C. § 1214, which governs OSC's handling of allegations of prohibited personnel practices.

24  (ECF No. 9 at 47-61.)  Although Mr. Kerner is named in his individual capacity, plaintiff asserts

25  Mr. Kerner was acting under color of law and within the scope of his employment with OSC.  It

26  thus appears highly likely to the undersigned that any claims against Mr. Kerner should be raised

27  in the District of Columbia (that is, the district encompassing Washington, D.C.), where OSC's

28  offices are located.

4

1    Plaintiff is therefore ordered to show cause within fourteen (14) days of the date of entry

2    of this order why this action should not be transferred to the District of Columbia.  Plaintiff's

3    response to the court's order regarding transfer shall be filed as a separate memorandum and shall

4    indicate why the case should remain in the Eastern District.  See Union Elec. Co. v. Energy Ins.

5    Mut. Ltd., 689 F.3d 968, 972 (8th Cir. 2012) ("There is authority supporting the district court's

6    ability to sua sponte transfer a case under § 1404(a)); Singh v. Cissna, No. 1:18-cv-0782-SKO,

7    2018 WL 4182602 (E.D. Cal. Aug. 30, 2018) ("However, even assuming that venue is proper in

8    this district, the Court may sua sponte transfer this case to another district under 28 U.S.C.

9    § 1404(a), so long as the parties are first given the opportunity to present their views on the

10   issue.") (citing Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986)).

11                                      **RECOMMENDATIONS**

12   IT IS HEREBY RECOMMENDED that plaintiff's motion for preliminary injunction

13   (ECF No. 2) be denied.

14   These findings and recommendations are submitted to the United States District Judge

15   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

16   days after being served with these findings and recommendations, any party may file written

17   objections with the court and serve a copy on all parties.  Such a document should be captioned

18   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

19   shall be served on all parties and filed with the court within fourteen (14) days after service of the

20   objections.  The parties are advised that failure to file objections within the specified time may

21   waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

22   Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

23                                            **ORDER**

24   Accordingly, IT IS HEREBY ORDERED that:

25   1.    Plaintiff's Motion to Dismiss Defendant Robert Mueller (ECF No. 14) is construed as

26         a Notice of Voluntary Dismissal, dismissing with prejudice plaintiff's claims against

27         Mr. Mueller, and the clerk's office is instructed to terminate Mr. Mueller as a

28         defendant in this action;

2.      Plaintiff's Second Amended Complaint (ECF No. 11) is STRICKEN, without prejudice to plaintiff's ability to file a proper motion for leave to amend;

3.      Within 14 days of the date of entry of this order, Plaintiff shall file a brief stating why any action against Mr. Kerner should not be transferred to the District of Columbia.

Dated:  October 20, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

wade.1791