UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E. K. WADE, | No.  2:20–cv–1791–KJM–KJN PS |
| Plaintiff, | ORDER TO TRANSFER CASE |
| v. | |
| HENRY J. KERNER, | |
| Defendant. | |

On September 4, 2020, plaintiff filed this action against Robert Mueller and Henry Kerner and moved for a preliminary injunction.[1] (ECF Nos. 1, 2.) Plaintiff has since voluntarily dismissed his claims against Mr. Mueller. (ECF Nos. 14, 16.) The operative First Amended Complaint names Mr. Kerner, the current Special Counsel for the United States Office of Special Counsel ("OSC"), in his individual capacity; plaintiff seeks to hold Mr. Kerner liable for failing

///
///
///
///

---

[1] Because plaintiff is appearing pro se, this action proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

to process or investigate a whistleblower complaint plaintiff filed with the OSC.[2]  (ECF No. 9 at 1-3.)

On October 21, 2020, the court issued findings and recommendations that plaintiff's motion for preliminary injunction be denied, along with an order to show cause why this action should not be transferred to the District of Columbia where venue seemed more proper. (ECF No. 16.)  On October 22, 2020, in the body of a (since denied) motion to amend, plaintiff stated that he "concurs with this Court that this complaint should be transferred to the District of Columbia." (ECF No. 17 at 2; see ECF No. 20.)  The undersigned informed plaintiff that no transfer order would issue until the assigned district court judge ruled on the preliminary injunction findings and recommendations.  (ECF No. 20.)  On March 17, 2021, the district court judge adopted the findings and recommendations, denying plaintiff's motion for preliminary injunction.  (ECF Nos. 16, 23.)  Accordingly, the undersigned finds it is now appropriate to order this action transferred to the U.S. District Court for the District of Columbia.[3]

If a court determines that the appropriate venue for a case lies in another division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Relatedly, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer

///

///

///

---

[2] Plaintiff has attempted some degree of service, but Mr. Kerner has not yet appeared in or responded to this action.  According to the certificates of service filed with this court, plaintiff sent by certified mail copies of the summons and complaints to Mr. Kerner at the Department of Justice as well as to the local United States Attorney's office, the national United States Attorney's office, and the United States Attorney General's office.  (ECF Nos. 8, 10, 15.) However, because plaintiff is suing Mr. Kerner in his individual capacity, he is also required to serve Mr. Kerner pursuant to Federal Rule of Civil Procedure 4(e) or (f).  See Fed. R. Civ. P. 4(i)(3).

[3] "Because an order transferring venue pursuant to 28 U.S.C. § 1404(a) does not address the merits of the case, it is a nondispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A)." Pavao v. Unifund CCR Partners, 934 F. Supp. 2d 1238, 1241 (S.D. Cal. 2013).

1  any civil action to any other district or division where it might have been brought." 28 U.S.C.
2  § 1404(a).[4]

3      Venue in a civil action is generally proper in (1) a judicial district where any defendant
4  resides, if all defendants reside in the same State in which the district is located, (2) a judicial
5  district in which a substantial part of the events or omissions giving rise to the claim occurred, or
6  (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the
7  action is commenced, if there is no district in which the action may otherwise be brought.
8  28 U.S.C. § 1391(b).

9      Plaintiff's pleadings fail to demonstrate that this district is the proper venue for the instant
10  action.  First, there is no showing that Mr. Kerner—now the sole defendant—resides in this
11  district.  Plaintiff does not allege any residence for Mr. Kerner, much less a residence within this
12  district.  Second, none of the alleged events or omissions giving rise to plaintiff's claims against
13  Mr. Kerner occurred in this district.  Plaintiff, a former employee at the U.S. Department of
14  Labor, asserts that Mr. Kerner deprived him of his Fifth Amendment due process rights by
15  "failing to reasonably process, investigate, and determine prohibited personnel practices" of
16  various federal agencies that plaintiff reported in an October 2019 whistleblower complaint filed
17  with the OSC.[5]  (ECF No. 9 at 3-4, 35-36, 77-79.)  Plaintiff asserts, on information and belief,
18  that the OSC "is a governmental entity doing business in California with its principal place of
19  business located within the City of Sacramento, California, Sacramento County, State of
20  California."  (ECF No. 9 at 2.)  But plaintiff is mistaken:  the Office of Special Counsel has its

---

[4] "There is authority supporting the district court's ability to sua sponte transfer a case under § 1404(a)." Union Elec. Co. v. Energy Ins. Mut. Ltd., 689 F.3d 968, 972 (8th Cir. 2012); see Singh v. Cissna, 2018 WL 4182602, *3 (E.D. Cal. Aug. 30, 2018) ("[T]he Court may sua sponte transfer this case to another district under 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue.") (citing Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986)).

[5] Plaintiff has filed numerous repeat complaints in the Northern District of California against the Department of Labor arising from his prior employment there.  See Wade v. Gilliland, No. C 10-00425 WHA, Dkt. No. 100 (N.D. Cal. June 24, 2010); see also Wade v. Gilliland, No. C 10-00425 WHA, 2019 WL 1384529, at *1 (N.D. Cal. Mar. 27, 2019), aff'd, 812 F. App'x 624 (9th Cir. 2020).  The undersigned found the instant action sufficiently distinct from those prior cases not to warrant transfer to the Northern District of California.  (ECF No. 16 at 3-4.)

1    principal office in the District of Columbia.  5 U.S.C. § 1211(a).  The only identified omissions

2    by Mr. Kerner are his alleged failure to follow the procedures laid out by 5 U.S.C. § 1214, which

3    governs the OSC's handling of allegations of prohibited personnel practices.  (ECF No. 9 at 47-

4    61.)  Although Mr. Kerner is named in his individual capacity, plaintiff asserts Mr. Kerner was

5    acting under color of law and within the scope of his employment with the OSC.  The

6    undersigned thus concludes that the events or omissions giving rise to the claims against Mr.

7    Kerner occurred in the District of Columbia (that is, the district encompassing Washington, D.C.),

8    where the OSC's offices are located.

9        Finally, because there is another district in which this action could have (and should have)

10   been filed—namely the District of Columbia—the third basis for venue is not triggered.  See

11   28 U.S.C. § 1391(b)(3) (permitting filing in any judicial district with personal jurisdiction over

12   any defendant, "if there is no district in which [the] action may otherwise be brought").

13       Even assuming venue could lie in this district, the court finds that in the interest of justice

14   the District of Columbia is a more appropriate venue because the pertinent events and omissions

15   took place within that forum.  See 28 U.S.C. § 1404(a).  Furthermore, plaintiff agrees that this

16   action should be transferred to the District of Columbia.  (ECF No. 17 at 2.)

17       Accordingly, IT IS HEREBY ORDERED that:

18   1. This action is TRANSFERRED to the United States District Court for the District of

19      Columbia pursuant to 28 U.S.C. § 1406(a) or, in the alternative, 28 U.S.C. § 1404(a);

20   2. Plaintiff is instructed to direct any filings or inquiries related to this case to that court.

21      *Further filings in the Eastern District of California related to this case will be*

22      *disregarded*; and

23   3. The Clerk of Court shall CLOSE this case, upon effecting the transfer.

24   Dated:  March 19, 2021

25

26                         KENDALL J. NEWMAN
                         UNITED STATES MAGISTRATE JUDGE

27

28   wade.1791